# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FERRANTE,<br><br>    *Petitioner*,<br><br> v.<br><br>DAVID CLOSE, in his official capacity as Superintendent of State Correctional Institution Houtzdale, and STEPHEN ZAPPALA, in his official capacity as the District Attorney for Allegheny County,<br><br>    *Respondents*. | Case No.: 2:24–cv–1429<br><br>Magistrate Judge Kezia O.L. Taylor |

## PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENTS' MOTION FOR EXTENSION OF TIME TO ANSWER PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner Robert Ferrante, by his undersigned counsel, respectfully submits this Response in Opposition to Respondents' Motion for Extension of Time to Answer the Petition for Writ of *Habeas Corpus*. ECF 8 ("Motion"); *see* ECF 3 ("Petition").

1. Under normal circumstances, counsel would be inclined to agree to this Motion as a courtesy to counsel, whether the motion was well-founded or not. These are far from normal circumstances. Robert is an innocent man who is spending the waning days of his life in prison – he is 76 years old. Each day his constitutional rights are not adjudicated is a significant portion of his remaining life. Because of this imperative and the meritlessness of the Motion, counsel must oppose.

2. Robert was tried over ten years ago before a venire that the Pennsylvania Court of Common Pleas and Pennsylvania Supreme Court agreed could not provide him with a fair and impartial jury. Robert's right to a fair trial was abandoned by counsel without Robert being informed of his rights or a colloquy that established a knowing and intentional waiver of his rights. Since Robert's inevitable conviction by a jury infected by unprecedented pre-trial publicity, the Commonwealth has erected a series of procedural barriers that, because of appellate counsel's ineffectiveness, has successfully prevented any court from reviewing the merits of Robert's claim here. Justice delayed has been justice denied as Robert's incarceration continues while the Commonwealth now asserts its unfamiliarity with the record… even though the same District Attorney's office prosecuted Robert and continuously rebutted the primary issue in Robert's Petition.

3. The Commonwealth's Motion is based on its assertion that it is has not received the complete records in this case. Motion ¶ 4. That assertion is baseless. This issue has been litigated thoroughly in the state court – as required before a *habeas* petition is filed. All of the pertinent records were previously prepared and presented to the Pennsylvania Court of Common Pleas, Superior Court, and Supreme Court. The Commonwealth, of course, was a party to all of those proceedings. Indeed, the signator of the Commonwealth's Motion personally participated in those proceedings and is more familiar with the record than any other participant.

4. Similarly, the Commonwealth's contention that it has not had an opportunity to review the materials and, in essence, that it is unfamiliar with the record is, at best, misleading. Deputy District Attorney Wabby (the signatory of the Motion) examined multiple witnesses on the very Sixth Amendment issue that is the crux of this Petition. He represented the Commonwealth during a state court evidentiary hearing held solely on the Court of Common Plea's violation of Robert's right to a change in venire to protect his trial by a fair and impartial jury. That record was presented to the various courts of appeals before which this issue was briefed (although the merits were not decided because the courts found the rights were waived by prior counsel).

5. Robert faces a long road to finally achieving justice. He must convince this Court that he is entitled to a new trial. He then must endure the inevitable appeals. Then he will finally receive his constitutionally protected right to a fair trial. This path will undoubtedly take years to travel. The journey has to begin as soon as possible. The Commonwealth should respond immediately.

WHEREFORE, Petitioner Robert Ferrante respectfully requests the court DENY Respondents' Motion.

Respectfully submitted,

 /s/ *Blake J. Kolesa*

Ronald S. Safer - IL 6186143
 *pro hac vice* forthcoming
Matthew C. Crowl - IL 6201018
 *pro hac vice* forthcoming
Blake J. Kolesa - IL 6339230
RILEY SAFER HOLMES & CANCILA LLP
One South Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 471-8732
rsafer@rshc-law.com
mcrowl@rshc-law.com
bkolesa@rhsc-law.com

Dated: December 10, 2024
   Chicago, Illinois

– 4 –

## **CERTIFICATE OF SERVICE**

I, Blake Kolesa, hereby certify that on December 10, 2024 I served the foregoing upon the following by filing the same with the Court's electronic filing system, which caused a copy to be transmitted by electronic mail to:

Ronald Wabby, Deputy District Attorney
Allegheny County District Attorney's Office
Room 401 Courthouse
436 Grant Street
Pittsburgh, Pennsylvania 15219-2489

                                                                       */s/ Blake J. Kolesa*